UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 18-49050

RAFAEL MURREY,                        Chapter 13

                Debtor.                        Judge Thomas J. Tucker
_____/

**ORDER DISMISSING CASE**

On June 27, 2018, the Court filed an order entitled "Order Requiring Debtor to File Proof That There Is a Power of Attorney or Other Valid Document That Gives Shanier Smith-Murrey Authority to Act as the Attorney-in-Fact for Debtor Rafael Murrey, and to Sign the Bankruptcy Petition and Other Papers in This Case for the Debtor" (Docket # 7, the "June 27 Order"), which stated in relevant part:

> IT IS ORDERED that no later than July 10, 2018, the Debtor must
> file proof of a power of attorney or other valid document that gives
> Shanier Smith-Murrey authority to act as the attorney-in-fact for
> the Debtor Rafael Murrey, and to sign the bankruptcy petition and
> other papers in this case for the Debtor. Failure to comply with
> this Order may result in the dismissal of this case, without further
> notice or hearing.

On July 8, 2018, documents were filed in response to the June 27 Order (Docket # 14). One of the documents filed is entitled "Durable Unlimited Power of Attorney" (the "Power of Attorney"). But the Power of Attorney does not contain the signature of the Debtor Rafael Murrey.[1]

The Court concludes that the Power of Attorney is defective, and is ineffective, because it does not comply with the requirements of Mich. Comp Laws Ann. § 700.5501(2). This statute states, in relevant part: "A durable power of attorney under this section shall be dated and signed voluntarily by the principal[.]"

Because there is nothing in the record that shows that Shanier Smith-Murrey has authority to act as the attorney-in-fact for the Debtor Rafael Murrey, and to sign the bankruptcy petition

---

[1] The only signature of the Debtor contained in the documents filed at Docket # 14 is in relation to a document purporting to grant a health care power of attorney, and to appoint a health care agent and proxy. This document does not provide any authority or power to Shanier Smith-Murrey to act as the attorney-in-fact for the Debtor Rafael Murrey regarding decisions which are not related to health care, such as the decision to file for bankruptcy.

and other papers in this case for the Debtor, and because the Debtor did not sign the bankruptcy petition, this case must be dismissed. Accordingly,

    IT IS ORDERED that this bankruptcy case is dismissed.


**Signed on July 13, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**